UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-1213 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMUNIST PARTY OF CHINA, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action purportedly brought under the Alien Tort Statute (ATS), 28 U.S.C. § 1350. Plaintiff is a resident of the State of Michigan, allegedly present in this country as a political refugee. His *pro se* complaint names as defendants the People's Republic of China, the Communist Party of China, Li Peng (the former Premier of China who served during the Tiananmen Square demonstrations), Jiang Zemin (former General Secretary of the Communist Party of China), Hu Jintao (the current President of the People's Republic of China), and Zdic.net (a Chinese language website that plaintiff alleges is controlled by the People's Republic of China). Plaintiff's complaint alleges that defendants have persecuted citizens, including plaintiff, for their exercise of free speech rights. Among the relief sought by plaintiff are declaratory judgments that the "crackdown" on Tiananmen Square was against international law, the defendant Li Peng is responsible for the death of hundreds, that policies of China and the Communist Party towards overseas dissidents constitute persecution under international law and that the kidnaping and jailing of certain named persons is illegal.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**Discussion**

Plaintiff's complaint is brought pursuant to the Alien Tort Statute (ATS), 28 U.S.C. § 1350, which invests the district courts with original jurisdiction "of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." The first version of this statute was passed as a part of the Judiciary Act of 1789, but the statute was rarely invoked until recent years. The authoritative Supreme Court case interpreting the ATS is *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). The *Sosa* Court held that the ATS is principally a jurisdictional grant and does not authorize the federal courts to fashion a body of judge-made law regulating the conduct of individuals situated outside the country's borders. 542 U.S. at 713-15. Rather, Congress intended the ATS to furnish jurisdiction for a relatively modest set of "actions alleging violations of the law of nations." *Id.* at 720. The principal tort claims embraced by the ATS are offenses against ambassadors, violations of safe conduct guarantees, and individual actions arising from prize captures or piracy. *Id.* Beyond those three tort claims, the federal courts have limited discretion to recognize new claims, provided that such claims "rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms we have recognized." *Id.* at 725. The Court suggested that the limit of the statute's reach should be defined by a handful of heinous actions, each of which violates definable, universal and obligatory norms. *Id.* at 732. On this basis, the Court found that an alleged abduction of a Mexican national and his clandestine rendition to this country to stand trial did not fit within this narrow definition. In so holding, the Court rejected plaintiff's reliance on the Universal Declaration of Human Rights, which "does not of its own force impose obligations as a matter of international law." *Id.* at 734.

Judged against the principles recognized by the *Sosa* Court, plaintiff's complaint is fatally flawed and should be dismissed.

### A. Claims Against The People's Republic of China

Plaintiff purports to sue the People's Republic of China, a sovereign nation, under the ATS. From the nation's founding, foreign states were generally granted complete immunity from suit in United States courts. *Argentine Republic v. Amerada S. Shipping Corp.*, 488 U.S. 428, 434 n.1 (1989). Congress codified this principle in the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602-1611, which applies to all claims against sovereign states, including claims under the ATS. 488 U.S. at 434-35. The FSIA declares that a foreign state "shall be immune from the jurisdiction of the courts of the United States" except as provided in the Act. 28 U.S.C. § 1604. Sections 1605 and 1605A set forth the general exceptions to the jurisdictional immunity of a foreign state. The exceptions in section 1605 are generally based on consent or the undertaking of commerce activity by a foreign nation. The section 1605A exceptions involve state-sponsored terrorism.

The Supreme Court has held that at the threshold of every action in a district court against a foreign state "the court must satisfy itself that one of the exceptions [to foreign sovereign immunity] applies." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 (1983). Sovereign immunity is not an affirmative defense, but must be pleaded by plaintiff. *Id.* at 494 n.20. Therefore, the federal courts have an independent obligation to consider the presence or absence of subject-matter jurisdiction under FSIA *sua sponte*. *See College Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010). Plaintiff's complaint does not allege the existence of any of the statutory exceptions enumerated in section 1605 or 1605A. In the

absence of a specific allegation of an exception to sovereign immunity, this court lacks subject-matter jurisdiction under FSIA over any claim against the People's Republic of China.

### B. Claims Against Remaining Defendants

The FSIA recognizes immunity only in favor of foreign states and their instrumentalities; it provides no immunity to individual officials of a foreign state. *Samatar v. Yousuf*, 130 S. Ct. 2278 (2010). Although the remaining defendants (Communist Party of China, certain past and present Chinese government officials, and an Internet site) are not entitled to FSIA immunity, plaintiff's complaint fails to state a claim upon which relief can be granted against them.

First, plaintiff's complaint seeks relief for alleged violations of the rights of others. Most of plaintiff's allegations concern alleged repression of other people, including the victims of the Tiananmen Square massacre, kidnaping of a person named Wang Bingzhang, and the wrongful conviction and imprisonment of Yang Gianli. Plaintiff's request for declaratory judgment (Compl. p. 14) requests declarations concerning the Tiananmen Square massacre, the defendants' policies towards "overseas dissidents," and alleged repression of Messrs. Wang and Yang. A basic constitutional requirement under Article III is that a plaintiff establish standing, which requires a plaintiff to show that he has personally suffered or will suffer "injury in fact" that is concrete and particularized. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Under this bedrock constitutional principle, plaintiff lacks standing to seek redress, even declaratory relief, for the alleged oppression of other persons.

Plaintiff does make specific allegations concerning violation of his own rights. The complaint alleges that plaintiff was instrumental in organizing a dissident political party in China

named the Chinese Liberal Democratic Party, after the Tiananmen Square demonstrations in 1989. Thereafter, plaintiff emigrated to the United States. He was elected President of the Association of Chinese Students at Northern Illinois University in 1989. Because of his former political activity in China, he alleges that agents of the Chinese government engineered his ouster as president of that association.[1] He also alleges that because of the interference from the Chinese government and the Communist Party, he lost his girlfriend, whom he had helped come to the United States. He also blames defendants for the recent divorce from his wife. He alleges that in the year 2000, he returned to China and was threatened with arrest and torture, but managed to avoid that fate. Further, he alleges that the website Zdic.net, which is controlled by the Chinese government, has censored his submissions and refused to publish his poems. Plaintiff alleges that this conduct violates the Universal Declaration of Human Rights, and especially its provisions concerning arbitrary interference with family relationships and the right to free speech and free participation in the life of the community.

Accepting plaintiff's allegations as true, I conclude that plaintiff has not stated a claim under the ATS. As noted, the ATS covers "a relatively modest set of actions" alleging violations of the law of nations. *Sosa*, 542 U.S. at 720. The paradigmatic tort claims are offenses against ambassadors, violations of safe conducts, and piracy claims. *Id.* at 720. Beyond that, the district courts have only narrow discretion to recognize new claims, which must be analogous to the paradigmatic claims. *Id.* at 732. Since *Sosa*, the federal courts have recognized claims for extrajudicial killings, *Kilburn v. Islamic Republic of Iran*, 699 F. Supp. 2d 136 (D.D.C. 2010),

---

[1] The federal courts uniformly apply a ten-year limitations period to ATS claims, subject to equitable tolling in unusual circumstances. *Chavez v. Carranza*, 559 F.3d 486, 492-93 (6th Cir. 2009). Most of plaintiff's claims would be subject to dismissal as time-barred.

genocide, *Almog v. Arab Bank, PLC*, 471 F. Supp. 2d 257 (E.D.N.Y. 2007), and human trafficking, *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674 (S.D. Tex. 2009), as well as torture, *Massey v. Gov't of Democratic People's Republic of Korea*, 592 F. Supp. 2d 57 (D.D.C. 2008). The events alleged in plaintiff's complaint fall far afield of such clear violations of international norms. Plaintiff alleges harassment, violation of free-speech rights, and interference with family relationships. The Sixth Circuit has cautioned that "the ATS, by no means, supplies jurisdiction over every wrong committed against an alien." *Taveras v. Taveraz*, 477 F.3d 767, 771 (6th Cir. 2007). Therefore, a direct violation of the law of nations must be alleged. *Id.* at 775. Harassment, restriction of free-speech rights, and governmental interference with family relationships are all unfortunately common actions of governments in the modern world and do not abridge the law of nations. Such actions are not remotely analogous to piracy, extrajudicial killings, or torture. Plaintiff's heavy reliance on the Universal Declaration of Human Rights in this regard is unavailing, as the *Sosa* Court directly rejected reliance on that document to create a cause of action under ATS, as the Declaration is not self-executing and "so did not itself create obligations enforceable in the federal courts." *Sosa*, 542 U.S. at 735.

On the foregoing basis, I conclude that the complaint's allegations concerning abridgment of plaintiff's personal rights do not remotely state a claim under the ATS, as authoritatively construed by the Supreme Court in *Sosa*.

**Recommended Disposition**

Plaintiff's claims against the People's Republic of China are brought against a clearly immune defendant. Plaintiff lacks standing to assert the rights of other persons allegedly oppressed

by the Chinese government, and plaintiff's allegations concerning abridgement of his own rights fail to state a claim against any defendant under the ATS. I therefore recommend that the complaint be dismissed in its entirety under 28 U.S.C. § 1915(a)(2).


Dated:   November 20, 2012                    /s/  Joseph G. Scoville
                                              United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).