UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAODI HU,

    Plaintiff,

v.

COMMUNIST PARTY OF CHINA, et al.,

    Defendants.
_____/

Case No. 1:12-CV-1213

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**APPROVING AND ADOPTING R&R**

On November 2, 2012, Plaintiff Yaodi Hu filed a complaint, purportedly brought under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, against Defendants Communist Party of China, People's Republic of China, Li Peng, Jiang Zemin, and Hu Jintao. (Dkt. No. 1.) On November 20, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed in its entirety. (Dkt. No. 7.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 9.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The R&R recommended dismissing the claims against the People's Republic of China on the basis of sovereign immunity. It also recommended dismissing Plaintiff's remaining claims for lack of third-party standing to enforce the rights of others and for failing to state a claim to enforce his own rights under the ATS.

Plaintiff's first objection is that he has both individual and third-party standing. In support, Plaintiff relies primarily on law review articles which are not binding on this Court. Plaintiff also provides a laundry list of Supreme Court cases, none of which supports a finding of standing. The Supreme Court has defined the boundaries of third party standing:

> We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests

*Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (citing *Singleton v. Wulff*, 428 U.S. 106, 112-16 (1976)). Plaintiff's complaint fails to establish that he has suffered or will suffer an injury in fact that is concrete and particularized with regard to the Tiananmen Square massacre, Defendants' policies towards overseas dissidents, or the alleged repressions of Wang Bingzhang and Yang Gianli. Plaintiff's sole attempt to show a concrete injury in his objections is an allegation that the abridgement of his "free association" right with Wang, who is imprisoned, is an injury in fact. However, the imprisonment of a friend and/or

2

political party co-member is not a concrete and particularized injury to another person.  Nor does Plaintiff's complaint attempt to establish a close relationship between him and these third parties.  Plaintiff's allegations in his objections that Wang was present at a meeting Plaintiff also attended and that Wang is a member of Plaintiff's political party do not establish a close relationship as intended by third party standing precedent.  Thus, the R&R correctly recommended dismissing these claims for lack of standing.

Plaintiff's second objection is that his complaint implicitly invoked the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the Communist Party of China, and that a claim under RICO is a permissible claim under the ATS.  First, the Court does not construe Plaintiff's complaint, even interpreted liberally, to implicitly invoke RICO.  Second, even if the complaint did invoke RICO, "the ATS, by no means, supplies jurisdiction over every wrong committed against an alien."  *Taveras v. Taveras*, 477 F.3d 767, 771 (6th Cir. 2007).  As the R&R correctly noted, district courts have limited discretion to recognize new claims under the ATS outside of offenses against ambassadors, violations of safe conducts, and piracy claims.  *See Sosa v. Alvarez-Machain*, 540 U.S. 692, 720 (2004).  Plaintiff's allegations of harassment, violation of his free-speech rights, and interference with his family relationships, even if couched under the guise of a RICO claim, do not constitute the necessary clear violations of international law required under the ATS.  *See Taveras*, 477 F.3d at 775.  Thus, the R&R correctly recommended the dismissal of these claims.

Accordingly,

3

**IT IS HEREBY ORDERED** that the November 20, 2012, R&R (Dkt. No. 7) is **APPROVED** and **ADOPTED** by this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** in its entirety.


Dated: February 20, 2013                         /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE